HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERARDO RODRIGUEZ,

Plaintiff,

v.

JUDY LARABEE, et al.,

Defendant.

CASE NO. C16-446-RSM

ORDER

THIS MATTER is before the Court on review of Chief Judge Ricardo Martinez's Order [Dkt. #51] declining to recuse himself in response to *pro se* Plaintiff Jerardo Rodriguez's Motion for Recusal [Dkt. #42]. The Order was referred to this Court as the most senior non-Chief Judge under 28 U.S.C. § 144 and LCR 3(e).

Judge Martinez dismissed Rodriguez's complaint without prejudice on Defendant's motion, but gave Rodriguez 15 days to file an amended complaint. [Dkt. #35] He determined that the complaint did not state a plausible claim.

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable

1   inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must

2   accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted

3   inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249

4   (9th Cir. 2007); S*prewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A]

5   plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

6   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

7   do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

8   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires

9   a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."

10  *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*).

11         Rodriguez's Motion claims that he has met this standard, especially considering that he is

12  *pro se*. He argues that he is entitled to a fair trial and that if Judge Martinez cannot (in

13  Rodriguez's eyes) provide one, he should recuse himself.

14         A federal judge should recuse himself if "a reasonable person with knowledge of all the

15  facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C.

16  § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.

17  1993). This objective inquiry is concerned with whether there is the appearance of bias, not

18  whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see*

19  *also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). ). In the absence of specific

20  allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his

21  participation in a related or prior proceeding is sufficient" to establish bias.  *Davis v. Fendler*,

22  650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid

23  basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

24

1       Rodriguez's recusal request does not identify or claim any personal bias, prejudice or

2 interest. It is based instead on the claim that Judge Martinez erred in requiring an amended

3 complaint. Even if he had, that is not a basis for recusal.

4       Rodriguez's Motion for Recusal [Dkt. #42] is DENIED, and Judge Martinez's Order

5 Declining to Recuse [Dkt. #51] is AFFIRMED.

6       IT IS SO ORDERED.

7       Dated this 5th day of October, 2016.

8

9                                _____

10                                  Ronald B. Leighton
                                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24