IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERARDO RODRIGUEZ,

    Plaintiff,

  v.

JUDY LARABEE, Manager, *et al.*,

    Defendants.

Case No. C16-0446RSM

ORDER GRANTING MOTION TO DISMISS

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendants' second Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. #40. Defendants argue that Plaintiff's Amended Complaint must be dismissed as a matter of law because he still fails to state a cognizable claim against any of them, and has failed to allege any damages. *Id.* *Pro Se* Plaintiff has filed several responses (many of which are untimely), which this Court has decided to consider. Dkts. #41, #43, #44, #48 and #53. In those responses, Plaintiff states that Defendants have violated his constitutional rights in a variety of manners, and also asserts that he is damaged because he now has more than three eviction notices, which leaves him open to eviction at any moment. *Id.* Plaintiff also alleges that he has met the basic standard for asserting a claim against Defendants because they are agents of the U.S. Department of Housing and Urban Development ("HUD"), and because this Court must construe his *pro se* Complaint liberally. *Id.* For the reasons discussed below, the Court disagrees with Plaintiff and now GRANTS Defendants' motions.

ORDER– 1

## II. BACKGROUND

Plaintiff is proceeding in this matter *pro se*. On April 13, 2016, Plaintiff filed a Complaint against Defendants alleging a claim under 42 U.S.C. § 1983. Dkt. #36. According to Plaintiff, he is a mentally ill resident of Hardeson Commons, which is managed by Coast Real Estate Services.[1] *Id.* at 1-2. Plaintiff alleges that in 2015 he began seeking redress of grievances on a myriad of complaints by other tenants. *Id.* He asserts that, as a result, Defendants have taken a numbers of acts to extort, threaten and retaliate against him. *Id.* at 2. The Court previously set forth the allegations, which it incorporates by reference herein. *See* Dkt. #35 at 2-3.

Defendants then moved to dismiss that Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that it should be dismissed as a matter of law because he has failed to state a cognizable claim against any of them, and failed to allege any damages. Dkts. #15 and #21. The Court granted the motion to dismiss, but allowed Plaintiff time to amend his Complaint. Dkt. #35. The Court noted that Plaintiff's conclusory allegations neither identified the constitutional right at issue, nor identified each Defendant's role in the alleged violations, and were therefore insufficient to state a Section 1983 claim. *Id.* at 5. As a result, the Court granted Plaintiff leave to amend to specifically identify which constitutional rights each defendant purportedly violated and how each defendant did so. The Court also directed Plaintiff to identify the relationship he believes makes these individuals state actors. *Id.* at 5-6. Plaintiff filed an Amended Complaint on September 7, 2016, which is largely identical to his first Complaint. The instant motion followed.

///

---

[1] Defendants note that Hardeson Commons is owned by Compass Health. Dkts. #15 at 2, #21 at 2 and #40 at 6.

ORDER– 2

### III. DISCUSSION

**A. Standard of Review**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

The Court also recognizes that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Nevertheless, in giving liberal construction to a *pro se* civil rights complaint courts may not "supply essential elements of claims that were not initially pled." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992)). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations omitted).

**B. Judicial Notice**

ORDER– 3

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the complaint, the Court may consider documents for which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has taken judicial notice of and considers herein the documents attached to Plaintiff's initial Complaint which have been incorporated by reference in the Amended Complaint. The Court may properly take judicial notice of documents such as these whose authenticity is not contested and which Plaintiff has relied on in his Complaint. *Swartz*, 476 F.3d at 763; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotations and alterations omitted).

**C. Plaintiff's Complaint**

As noted above, Plaintiff has alleged a claim under 42 U.S.C. § 1983 against all Defendants. To sustain a § 1983 action, a plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

As an initial matter, the Court notes that Plaintiff's Amended Complaint remains deficient in demonstrating that the Defendants are state actors for purposes of his claim. *See* Dkt. #36. However, in an apparent attempt to show that the Defendants are "state actors" for purposes of his claims, Plaintiff now argues in his response that Defendants are agents of HUD and are therefore state actors. Dkt. #48. Even if the Court allowed Plaintiff to amend his Complaint again to add that allegation, it would not cure the deficiency. There remains nothing in the Amended Complaint to suggest that any of the Defendants is anything more than a private actor. To the extent that Plaintiff suggests his landlords are state actors because the complex

ORDER– 4

receives HUD funds, at least one court in this District has held, "the fact that Section 8 HAP landlords receive a portion of their rent from HUD [is] . . . insufficient alone to constitute governmental action." *Gallman v. Pierce*, 639 F. Supp 472, 481 (N.D. Cal. 1986) (Legge, J.); *see also Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1243 (5th Cir. 1982) ("[L]essors in Section 8 new construction housing programs act as private parties."). Moreover, in analogous situations, the Supreme Court has held that the mere receipt of government funds did not make privately-run nursing homes (*see Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982)) and schools (*see Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)) government actors. To constitute state action the government must have, *e.g.*, compelled or encouraged the challenged conduct. *See Blum*, 457 U.S. at 1004. In the absence of any allegation that Defendants, all private actors, acted under color of state law as defined by the courts, Plaintiff fails to state a constitutional claim.

Likewise, to the extent Plaintiff argues that he has a federal cause of action based on the violation of a HUD regulation, he fails to make sufficient allegations to support such a claim. To make a successful claim based on a violation of a HUD regulation, Plaintiff would have to show that (1) as a private individual, he has a right to file a lawsuit to enforce a HUD regulation, and (2) Defendants have violated a HUD regulation. *See*, *e.g.*, *Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003) ("[F]ederal rights are created by Congress through statutes, not by agencies through regulations."). Here, he has alleged neither, nor has he alleged facts supporting any violation of a HUD regulation. Instead, he primarily alleges violation of Washington state statutes.

Similarly, even if Plaintiff had adequately alleged that Defendants were state actors, his Amended Complaint is deficient to the extent he attempts to allege a retaliation claim. To the

ORDER– 5

extent that Plaintiff bases his § 1983 claim on alleged retaliation for exercise of his First Amendment rights (in the form of his own grievances and those he brought on behalf of others), his Amended Complaint fails to provide sufficient allegations to support such a claim. In order to establish a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in protected speech; (2) the defendants took an adverse action against him; and (3) the speech was a "substantial or motivating factor" for the adverse action. *See Thomas v. City of Beaverton,* 379 F.3d 802, 808 (9th Cir. 2004). Assuming the truth of Plaintiff's allegations as the Court must do on a motion to dismiss, he fails to provide sufficient factual allegations to support the third element. Thus, his claim is deficient for multiple reasons.

The same is true to the extent that Plaintiff attempts to allege a civil conspiracy claim. Civil conspiracy is generally not recognized in the law as a standalone cause of action; there must ordinarily be an underlying tort. *See Fox v. Bakery, Confectionary, Tobacco Workers and Grain Millers Int'l Union*, 428 Fed. Appx. 767, 768 (9th Cir. 2011).

In his Amended Complaint, Plaintiff does not identify any other federal statutes that have been violated. Furthermore, based on the allegations in his Amended Complaint, there is no obvious federal claim at issue. Thus, even viewing Plaintiff's Amended Complaint under the more liberal pleading standard for *pro se* plaintiffs, the Court must dismiss his claims.

**D. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus.,*

ORDER– 6

*Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiff's Complaint, particularly with the "state actor" element of his claims.

### E. Other Pending Motions

Defendants have also filed a motion to stay discovery, which is currently noted for consideration by the Court on October 7, 2016. Dkt. #46. Given the decision on the instant motion, that motion is now moot.

### IV. CONCLUSION

Having reviewed Defendants' motion to dismiss, Plaintiff's responses thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion to Dismiss (Dkt. #40) is GRANTED.

2. Defendants' pending Motion to Stay Discovery (Dkt. #46) is DENIED AS MOOT.

3. This matter is now CLOSED.

DATED this 6 day of October, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 7